No. 02-741

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 183N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JAMES NEAL WHITEAKER,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District, Cause No. DC-97-289(B)
                    In and for the County of Flathead,
                    The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            James Neal Whiteaker, *Pro Se*, Deer Lodge, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Diana L. Koch,
            Assistant Attorney General, Chief Legal Counsel, Department
            of Corrections, Helena, Montana

                        Submitted on Briefs:  June 5, 2003

                             Decided:  July 15, 2003

Filed:

              _____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appearing *pro se*, James Neal Whiteaker appeals from the denial by the Eleventh Judicial District Court, Flathead County, of his motion for a *nunc pro tunc* order requiring the Records Department at the Montana State Prison to run his April 7, 1998 prison sentence "concurrent with the entirety" of a prior criminal sentence imposed upon him. We affirm.

¶3     On April 7, 1998, the District Court sentenced Whiteaker to 20 years in prison--with 5 years suspended--on a felony forgery conviction and suspended sentences on felony theft and bad check convictions. The court ordered the sentence to be served "concurrently with [Whiteaker's] prior Flathead and Powell County sentences" and gave Whiteaker credit for 130 days of presentence incarceration. At the time of the 1998 sentences, Whiteaker was serving a 17-year prison sentence for a 1994 Flathead County conviction and a 3-year term for a 1995 Powell County conviction.

¶4     In June of 2002, Whiteaker filed a document in the District Court denominated "Motion for Nunc Pro Tunc Judgement and Sentence." There, as here, he argued that the prison records department is calculating his discharge date incorrectly. Whiteaker asserts that his 1998 sentence should run concurrent with the entirety of his earlier sentences, and

2

not concurrent with the portion of those sentences remaining when he was sentenced in 1998. In other words, he contends that because his 1998 sentence is to be served concurrently with his earlier sentences, the beginning date of his imprisonment on the 1998 sentence should be deemed to be the date he began serving time on his 1994 conviction. The District Court denied the motion.

¶5 Whiteaker relies solely on the language of the sentencing order stating that his 1998 sentence shall be served "concurrently with his prior Flathead and Powell County sentences." He advances no legal authority to support his position, as required by Rule 23(a)(4), M.R.App.P. Nor does logic support that position. As the District Court stated, Whiteaker "could not possibly be given credit off a sentence before the sentence is even imposed, except, of course, for any pretrial incarceration attributable to that cause." We conclude Whiteaker has failed to establish any error in the District Court's denial of his motion for a *nunc pro tunc* order.

¶6 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE

3